UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE GOLD, as Trustee of the Michelle Gold Separate Property Trust dated December 23, 2002,<br><br>                                           Plaintiff,<br><br>v.<br><br>NATIONAL DEFAULT SERVICING CORPORATION; U.S. BANK, NA, successor trustee to Bank of America, NA, as trustee, on behalf of the holders of the WaMu Mortgage Pass-Through Certificates WMALT, Series 2007-OA2; SELECT PORTFOLIO SERVICING; DOES 1–25; STEPHAN PAUL NIEDNAGEL; DANIEL DEANS NIEDNAGEL; and BIRDROCK HOME MORTGAGE, LLC,<br><br>                                           Defendants. | Case No.:  22-CV-1232 JLS (AGS)<br><br>**ORDER (1) DENYING PLAINTIFF'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER; (2) DENYING PLAINTIFF'S MOTION TO STAY STATE COURT PROCEEDINGS AND EXECUTION OF UNLAWFUL DETAINER; AND (3) DENYING PLAINTIFF'S MOTION FOR REMOVAL AND CONSOLIDATION OF RELATED STATE COURT CASE NO. 37-2022-00042825-CL-UD-CTL**<br><br>(ECF No. 23) |

Presently before the Court is a motion submitted by Plaintiff Michelle Gold, as Trustee of the Michelle Gold Separate Property Trust dated December 23, 2002 ("Plaintiff"), captioned "*Ex Parte* Application for Order Shortening Time for Hearing on Plaintiff's Request for TRO; Stay of State Court Proceedings and Execution of Unlawful Detainer; and Motion for Removal and Consolidation of Related State Court Case No. 37-

2022-00042825-CL-UD-CTL" ("App.," ECF No. 23).  The Court has interpreted the *Ex Parte* Application as three separate requests: an Application for a Temporary Restraining Order ("TRO"), a Motion to Stay State Court Proceedings and Execution of Unlawful Detainer, and a Motion for Removal and Consolidation of Related State Court Case No. 37-2022-00042825-CL-UD-CTL.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Defendants Stephan Paul Niednagel, Daniel Deans Niednagel, and Bird Rock Home Mortgage, LLC ("Bird Rock") (collectively, the "Bird Rock Defendants") filed an initial Opposition to Plaintiff's *Ex Parte* Motion ("Opp'n," ECF No. 24), as well as a supplemental opposition to Plaintiff's *Ex Parte* Motion ("Opp'n Supp.," ECF No. 26). Having reviewed the Parties' arguments and the law, the Court **DENIES** Plaintiff's Application for a Temporary Restraining Order, **DENIES** Plaintiff's Motion to Stay State Court Proceedings and Execution of Unlawful Detainer, and **DENIES** Plaintiff's Motion for Removal and Consolidation of Related State Court Case No. 37-2022-00042825-CL-UD-CTL.

## BACKGROUND

This case concerns real property located at 3342 Randy Lane, Chula Vista, California 91908 (the "Property").   First Amended Complaint ("FAC," ECF No. 19) ¶ 9. The Property is Plaintiff's personal residence.  *Id.* ¶ 9b.  Plaintiff claims that Defendants National Default Servicing Corporation ("NDSC"), Select Portfolio Servicing ("SPS"), and U.S. Bank, NA, successor trustee to Bank of America, NA, as trustee, on behalf of the holders of the WaMu Mortgage Pass-Through Certificates WMALT, Series 2007-OA2 ("USB"), illegally foreclosed on the Property, *see id.* ¶¶ 9a–z, which was then purchased by the Bird Rock Defendants at a public non-judicial foreclosure sale, *see id.* ¶¶ 9y–z. Plaintiff's FAC asserts causes of action for cancellation of written instruments, fraudulent transfer, violation of the Real Estate Settlement Procedures Act ("RESPA"), and quiet title. *Id.* ¶¶ 12–24.

/ / /

Plaintiff initiated this action in state court, but Defendants NDSC, SPS, and USB removed the case to federal court on the basis of federal question jurisdiction. *See* Notice of Removal (ECF No. 1) ¶¶ 3–4. Defendants NDSC, SPS, and USB submitted a Motion to Dismiss Plaintiff's initial Complaint. *See* ECF No. 2.[1] Plaintiff then submitted an *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction. *See* ECF No. 4. On October 5, 2022, the Court denied Plaintiff's first request for a TRO and granted Defendants NDSC, SPS, and USB's Motion to Dismiss while affording Plaintiff leave to amend the Complaint. *See* ECF No. 16. Plaintiff filed the FAC on November 5, 2022, *see* FAC, and followed it with the instant *Ex Parte* Application on December 13, 2022, *see* App.

**PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER**

**I.   Legal Standard**

Federal Rule of Civil Procedure 65(b) governs the issuance of a TRO. The standard for a TRO is identical to the standard for a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain either a TRO or a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Although a plaintiff seeking a TRO or preliminary injunction must make a showing on each element, the Ninth Circuit employs a "version of the sliding scale" approach where "a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–35 (9th Cir. 2011). Under this approach, a court may issue a TRO or preliminary injunction where there are "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff . . . , so long

---

[1] Pin citations refer to the CM/ECF page numbers electronically stamped at the top of each page.

22-CV-1232 JLS (AGS)

as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135 (internal quotation marks omitted). Generally, a TRO is considered "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. The moving party has the burden of persuasion. *Hill v. McDonough*, 547 U.S. 573, 584 (2006).

## II.   Analysis

Plaintiff filed the *Ex Parte* Application on December 13, 2022. *See* App. She claims that the requested relief is necessary because, at the time of filing, Bird Rock had obtained an order moving a trial date in a related state court case to December 14, 2022, in an alleged attempt to "avoid the Plaintiff's pending State Court Motion for Removal and Consolidation with this case and take unlawful possession of [the Property] solely to further prejudice Plaintiff's legal rights pending before this Federal Court." *Id.* at 2. Plaintiff requests a TRO "prohibiting any further transfers of [the Property]" so that she may "enforce her recission" of a loan she received from VirtualBank in 2006 and thereby "obtain legal title and right to possession of [the Property]." *See id.* at 2–3.

Rather than explain to the Court why a TRO is justified in this case, Plaintiff merely cites to an "*Ex-Parte* Application for Order Shortening Time" filed in the state court case, claiming it is evidence of irreparable injury. *Id.* at 4. Having reviewed the document, its relevancy is utterly unclear to the Court. Accordingly, Plaintiff has failed to address even one of the elements required for the issuance of a TRO. On that basis alone, the Court has cause to deny Plaintiff's TRO Application. Nevertheless, the Court will briefly explain why a TRO is inappropriate here.

First, Plaintiff has failed to demonstrate a likelihood of success. The allegations in the FAC are essentially the same as the allegations in the initial Complaint, which was ultimately dismissed for failure to state a claim. Plaintiff alleges that because Chase was the owner of the Deed of Trust ("DOT"), the assignment of the DOT to NDSC from USB was invalid, and NDSC therefore had no authority to foreclose on the Property. FAC ¶ 9a–z; *see also* ECF No. 1 at 7–8 (asserting same claims in Plaintiff's initial Complaint). The

4

Court has already addressed the numerous inaccuracies in this argument, and nothing in the FAC convinces the Court that Plaintiff is correct this time around.

Second, Plaintiff has failed to show irreparable harm.  The Bird Rock Defendants have offered convincing evidence that Plaintiff transferred her interest in the Property to her daughter in 2019, and that there have been no transfers since.  *See* ECF No. 22-2 at 97–100.  Consequently, any irreparable injury stemming from loss of the Property would apparently fall on Plaintiff's daughter.  Moreover, Plaintiff's decision to wait until the last moment to request a TRO seriously undermines her position.  "Delay in seeking injunctive relief can imply a lack of urgency and irreparable harm, and weighs against the propriety of such relief."  *Thomas v. Deutsche Bank Nat. Tr.*, No. C 12-00472 CRB, 2012 WL 821973, at *3 (N.D. Cal. Mar. 9, 2012) (citing *Miller ex rel. NLRB v. Cal. Pac. Med. Ctr.*, 991 F.2d 536, 544 (9th Cir.1993); *Lydo Enters. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984)).  Plaintiff submitted the instant application for a TRO one day before the trial date that Plaintiff moved the Court to stay.  As ruling on Plaintiff's application in less than one day was simply impossible, it is not clear that the Court could at this juncture afford Plaintiff meaningful relief.  As the Court noted in its order denying Plaintiff's first request for a TRO, Plaintiff has been less than prompt in requesting relief.  *See* ECF No. 16 at 24–25.  Her initial Complaint came three years after non-judicial foreclosure proceedings had been initiated, *see* ECF No. 11-2 at 62; ECF No. 1 at 6, and she then waited several months, until after the Property had already been sold, before submitting her first request for a TRO, *see generally* ECF No. 4.  Now, Plaintiff rushes back to this Court on the eve of a hearing date scheduled by a state court clerk in a state court proceeding.  *See* ECF No. 23 at 15.  Not only does this delay weigh against issuing a TRO, but also Plaintiff fails to explain how or why an apparent scheduling snafu requires the intervention of this Court.

Third, the Court again finds that the balance of hardships tips in Defendants' favor.  Foreclosure proceedings were initiated several years ago as the result of Plaintiff's default, and Plaintiff has yet to put forth any evidence that she made any contractually due

payments over that period.  *See generally* FAC.  As the Court stated in its previous order denying Plaintiff's request for a TRO, "[g]iven such circumstances, granting an injunction at this stage of the foreclosure proceedings on the basis of Plaintiff's current allegations would impose inequitable costs and unjustified delay on Defendants."  *See Wilson v. Wells Fargo Bank*, No. C 11-03394 CRB, 2011 WL 3443635, at *3 (N.D. Cal. Aug. 5, 2011) ("Plaintiffs complain loudly of alleged improprieties on Defendants' part, but they ignore that it was their default that put them in their current predicament.  Further, equity does not favor allowing Plaintiffs to avoid foreclosure having ceased making payments of any kind to anyone."); *Herrejon v. Ocwen Loan Servicing*, LLC, 980 F. Supp. 2d 1186, 1210 (E.D. Cal. 2013) ("[T]he balance of equities weighs in defendants' favor as the record suggests that plaintiffs may have unauthorized access to the property without payment of outstanding amounts owed and seek to delay foreclosure to extend their possession of the property."); *Haffeman v. Wells Fargo Bank, N.A.*, No. 12CV00046 BTM WVG, 2012 WL 827034, at *5 (S.D. Cal. Mar. 9, 2012) ("Defendant . . . has not collected mortgage payments on the Property for over a year and a half.  Thus, the balance of the equities does not tip sharply in favor of Plaintiffs.").

Finally, "[w]ithout a likelihood of success on the merits and with the equities balanced against [Plaintiff], issuing a preliminary injunction to stop the foreclosure goes against the public interest of affording relief to those deserving security on a defaulted loan."  *Wilson*, 2011 WL 3443635, at *3.

In sum, Plaintiff has again failed to meet any of the four elements required for the Court to issue a TRO and has therefore failed to satisfy either of the tests necessary for the issuance of a TRO in the Ninth Circuit.  For this reason, the Court **DENIES** Plaintiff's TRO Application.

/ / /

/ / /

/ / /

/ / /

6

**MOTION TO STAY STATE COURT PROCEEDINGS AND EXECUTION OF
UNLAWFUL DETAINER**

Plaintiff next asks the Court to stay the proceedings in the unlawful detainer action that Bird Rock initiated against Plaintiff and her daughter in state court.  The Court is not convinced that such a stay is appropriate.

As the Bird Rock Defendants note, the Anti-Injunction Act (the "Act") "prevents a federal court from enjoining the 'proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." *Sandpiper Vill. Condo. Ass'n, Inc. v. Louisiana-Pac. Corp.*, 428 F.3d 831, 842 (9th Cir. 2005) (quoting 28 U.S.C. § 2283); Opp'n at 2.  "Rooted firmly in constitutional principles, the Act is designed to prevent friction between federal and state courts by barring federal intervention in all but the narrowest of circumstances." *Sandpiper Vill. Condo. Ass'n, Inc.*, 428 F.3d at 842.  "Doubts as to the appropriateness of an injunction should be 'resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy.'" *Bechtel Petroleum, Inc. v. Webster*, 796 F.2d 252, 253 (9th Cir. 1986) (quoting *Vendo Co. v. Lektra-Vend Corp.*, 433 U.S. 623, 630 (1977)).

Plaintiff has not alleged that any of the exceptions to the Act are applicable here. *See generally* App.  Moreover, the Court is not aware of any act of Congress that would permit it to stay the state court proceedings, nor is there any reason to believe that a stay would be necessary in aid of this Court's jurisdiction or to protect or effectuate its as-yet-unissued judgment.  Accordingly, the Court **DENIES** Plaintiff's Motion to Stay State Court Proceedings and Execution of Unlawful Detainer.

**PLAINTIFF'S MOTION FOR REMOVAL AND CONSOLIDATION OF
RELATED STATE COURT CASE NO. 37-2022-00042825-CL-UD-CTL**

Plaintiff's last request is for the Court to remove Bird Rock's state court action to federal court and consolidate it with the instant action.   Doing so, however, would be procedurally improper.  First, 28 U.S.C. § 1441 only confers removal power on the defendant or defendants in a state court case.  *See* 28 U.S.C. § 1441(a) ("Except as

otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). Second, under 28 U.S.C. § 1446(a):

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United State for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plaint statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

If Plaintiff would like to remove the state court action to federal court, she must comply with the procedural requirements established in 28 U.S.C. § 1446(a), as well as any other applicable requirements. The Court has no authority to remove the state court action on her behalf. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction."); *Quick Korner Mkt. v. U.S. Dep't of Agric., Food & Nutrition Serv.*, 180 F. Supp. 3d 683, 688 (S.D. Cal. 2016) ("[Federal courts] possess only that power authorized by the Constitution and conferred by Congress."). Consequently, the Court **DENIES** Plaintiff's Motion for Removal and Consolidation of Related State Court Case No. 37-2022-00042825-CL-UD-CTL.

## CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiff's *Ex Parte* Application (ECF No. 23) in its entirety.

**IT IS SO ORDERED.**

Dated:  January 17, 2023

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

8