UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE GOLD, as Trustee of the Michelle Gold Separate Property Trust dated December 23, 2002,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL DEFAULT SERVICING CORPORATION; U.S. BANK, NA, successor trustee to Bank of America, NA, as trustee, on behalf of the holders of the WaMu Mortgage Pass-Through Certificates WMALT, Series 2007-OA2; SELECT PORTFOLIO SERVICING; DOES 1–25; STEPHAN PAUL NIEDNAGEL; DANIEL DEANS NIEDNAGEL; and BIRDROCK HOME MORTGAGE, LLC,<br><br>Defendants. | Case No.: 22-CV-1232 JLS (AGS)<br><br>**ORDER (1) DENYING REQUEST FOR JUDICIAL NOTICE (ECF NO. 21-2); (2) GRANTING REQUEST FOR JUDICIAL NOTICE (ECF NO. 22-2); (3) GRANTING MOTION TO DISMISS (ECF NO. 21);**<br>**(4) GRANTING MOTION TO DISMISS (ECF NO. 22); AND**<br>**(5) DISMISSING WITH PREJUDICE FIRST AMENDED COMPLAINT (ECF NO. 19)** |

Presently before the Court are Defendants National Default Servicing Corporation ("NDSC"); U.S. Bank, NA, successor trustee to Bank of America, NA, as trustee, on behalf of the holders of the WaMu Mortgage Pass-Through Certificates WMALT, Series 2007-OA2 ("USB"); and Select Portfolio Servicing's ("SPS," and collectively the "Deed Defendants") Motion to Dismiss First Amended Complaint ("Deed Mot.," ECF No. 21)

and Request for Judicial Notice in support of the same (ECF No. 21-2). Defendants Stephan Paul Niednagel, Daniel Deans Niednagel, and Bird Rock Home Mortgage, LLC (collectively, the "Bird Rock Defendants") also filed a Motion to Dismiss ("Bird Rock Mot.," ECF No. 22) and Request for Judicial Notice in support of the same (ECF No. 22-2). Plaintiff Michelle Gold, as Trustee of the Michelle Gold Separate Property Trust dated December 23, 2002 ("Plaintiff"), who is proceeding *pro se*, filed a Consolidated Opposition to the two Motions to Dismiss ("Opp'n," ECF No. 27). The Deed Defendants and Bird Rock Defendants filed Replies to Plaintiff's Opposition ("Bird Rock Reply," ECF No. 28; "Deed Defendants Reply," ECF No. 29). Having carefully considered Plaintiff's Verified First Amended Complaint ("FAC," ECF No. 19), the Parties' briefing, and the law, the Court **DENIES** the Deed Defendants' Requests for Judicial Notice, **GRANTS** the Bird Rock Defendants' Requests for Judicial Notice, **GRANTS** the Deed Defendants' Motion, **GRANTS** the Bird Rock Defendants' Motion, and **DISMISSES WITH PREJUDICE** Plaintiff's First Amended Complaint.

## BACKGROUND

This case concerns real property located at 3342 Randy Lane, Chula Vista, California 91908 (the "Property"). FAC ¶ 9. The Property is Plaintiff's personal residence. *Id*. ¶ 9b. Plaintiff claims that the Deed Defendants illegally foreclosed on the Property, *see id*. ¶¶ 9a–z, which was then purchased by the Bird Rock Defendants at a public non-judicial foreclosure sale, *see id*. ¶¶ 9y–z. Plaintiff's FAC asserts causes of action for "cancellation of deeds," fraudulent transfer, violation of the Real Estate Settlement Procedures Act ("RESPA"), and quiet title. *Id*. ¶¶ 12–24.

Plaintiff initiated this action in state court against the Deed Defendants, who removed the case to federal court on the basis of federal question jurisdiction. *See* Notice of Removal (ECF No. 1) ¶¶ 3–4. The Deed Defendants then moved to dismiss Plaintiff's initial Complaint. *See* ECF No. 2. On October 5, 2022, the Court granted the Deed Defendants' Motion to Dismiss while affording Plaintiff leave to amend the Complaint. *See* ECF No. 16. Plaintiff filed the FAC on November 5, 2022, adding as defendants the

Bird Rock Defendants. *See* FAC. The FAC was met with the instant Motions to Dismiss from the Deed and Bird Rock Defendants. *See generally* Deed Mot.; Bird Rock Mot. Both groups of Defendants argue that Plaintiff's FAC should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See generally* Deed Mot.; Bird Rock Mot. The Bird Rock Defendants additionally argue that the FAC should be dismissed for lack of standing and for failure to join a party under Federal Rule of Civil Procedure 19. *See generally* Bird Rock Mot.

## REQUESTS FOR JUDICIAL NOTICE

The Bird Rock Defendants request that the Court take judicial notice of the following exhibits: (1) Certified Copy of Grant Deed dated July 20, 2005, recorded as Document No. 2005-0621725 on July 22, 2005; (2) Certified Copy of Deed of Trust dated July 21, 2006, recorded as Document No. 2006-0551257 on August 3, 2006; (3) Certified Copy of Corporate Assignment of Deed of Trust dated March 20, 2012, recorded as Document No. 2012-0202325 on April 6, 2012; (4) Certified Copy of Substitution of Trustee dated February 5, 2019, recorded as Document No. 2019-0054311 on February 14, 2019; (5) Certified Copy of Notice of Default and Election to Sell Under Deed of Trust dated February 13, 2019, recorded as Document No. 2019-054312 on February 14, 2019; (6) Copy of Order on Motion for Relief from Automatic Stay filed in *In re Michelle Gold dba The Gold Firm*, United States Bankruptcy Court for the Southern District of California, Case No. 21-03467-LA7, dated March 8, 2022; (7) Certified Copy of Notice of Trustee's Sale dated March 21, 2022, recorded as Document No. 2022-0126988 on March 22, 2022; (8) Certified Copy of Trustee's Deed Upon Sale dated October 11, 2022, recorded as Document No. 2022-0399025 on October 13, 2022; (9) Certified Copy of Quitclaim Deed dated July 19, 2013, recorded as Document No. 2013-0451285 on July 19, 2013; (10) Certified Copy of Grant Deed from The Michelle J. Gold Separate Property Trust dated December 23, 2002 to Ellena F. Gonzalez-Gold dated April 2, 2019, recorded as Document No. 2019-0117068 on April 2, 2019. *See generally* ECF No. 22-2.

///

As a general rule, a district court cannot rely on evidence outside the pleadings in ruling on a Rule 12(b)(6) motion without converting the motion into a Rule 56 motion for summary judgment. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003) (citing Fed. R. Civ. P. 12(b); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 n.4 (9th Cir. 1998)). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908 (citing *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994); 2 James Wm. Moore et al., Moore's Federal Practice § 12.34[2] (3d ed. 1999)). Federal Rule of Evidence 201(b) provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

While the Court has already judicially noticed several documents that are similar, if not identical, to those submitted by the Bird Rock Defendants, *see* ECF No. 16 at 5–6,[1] the Court will nevertheless **GRANT** the Bird Rock Defendants' Requests for Judicial Notice in their entirety for convenience in ruling on the present Motions. All the proposed documents are matters of public record and therefore subject to judicial notice. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("[U]nder Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record.'"); *Lopez v. Wells Fargo Bank, N.A.*, No. 16-CV-0811-AJB-DHB, 2017 WL 1336764, at *3 (S.D. Cal. Apr. 5, 2017) ("[O]fficial records of the County of San Diego, and copies of U.S. Bankruptcy Court documents . . . are matters of public record.").

The Deed Defendants request that the Court take judicial notice of three documents, each of which is included in the Bird Rock Defendants' Request for Judicial Notice. *See* ECF No. 21-2; ECF No. 22-2. The Court **DENIES** the Deed Defendants' Requests for

---

[1] Pin citations refer to the CM/ECF page numbers electronically stamped at the top of each page.

Judicial Notice as duplicative. *See Hinshaw v. China Times Media Grp.*, No. 220CV04302ODWJEMX, 2020 WL 6203571, at *2 (C.D. Cal. Oct. 22, 2020) ("[T]he Court need not take judicial notice of documents already filed in [an] action."), *appeal dismissed*, No. 20-56224, 2021 WL 5822547 (9th Cir. Aug. 11, 2021).

## THE DEED DEFENDANTS' MOTION TO DISMISS

### I. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting

*Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* Finally, "[t]he court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001).

Where a complaint does not survive the Rule 12(b)(6) analysis, the Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schriber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). "The Ninth Circuit has instructed that the policy favoring amendments 'is to be applied with extreme liberality.'" *Abels v. JBC Legal Grp., P.C.*, 229 F.R.D. 152, 155 (N.D. Cal. 2005) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

**II.   Analysis**

As an initial matter, the Court will address certain procedural deficiencies in Plaintiff's briefing on the Deed Defendants' Motion to Dismiss. First, pursuant to Civil Local Rule 7.1(e)(2), a party opposing a motion must file their opposition not later than fourteen calendar days prior to the noticed hearing. S.D. Cal. CivLR 7.1(e)(2). Failure to timely file an opposition "may constitute a consent to the granting of a motion or other request for ruling by the Court." S.D. Cal. CivLR 7.1(f)(3)(c). Here, the hearing for the Deed Defendants' Motion to Dismiss was scheduled for 1:30 p.m. on January 5, 2023. Plaintiff was therefore required to submit her Opposition to the Deed Defendants' Motion on or before December 22, 2022. *See* ECF No. 25 at 1–2. Plaintiff did not file the Opposition until December 23, 2022. *See* Docket. The Court is generally willing to

overlook such discrepancies for *pro se* plaintiffs, who are typically unfamiliar with court procedures and lacking in basic legal skills. In this case, however, Plaintiff is an attorney licensed in the State of California, and she failed to move for leave to file a late Opposition, *see* Fed. R. Civ. P. 6(b), or otherwise explain the late filing. In light of such circumstances, the Court finds that the leniency customarily afforded to *pro se* plaintiffs is unwarranted here.

Moreover, Plaintiff's Opposition fails to respond to any of the arguments raised in the Deed Defendants' Motion. *See generally* Deed Defendants' Memorandum of Points and Authorities in Support of Motion to Dismiss First Amended Complaint ("Deed Mem.," ECF No. 21-1); Opp'n. Where a plaintiff has failed to address an argument raised in a defendant's motion to dismiss, courts in the Ninth Circuit have found that the plaintiff has abandoned the claim. *See Walsh v. Nev. Dep't of Human Resources*, 471 F.3d 1033, 1037 (9th Cir. 2006) (finding a plaintiff has "effectively abandoned" a claim when he fails to respond to arguments in motion to dismiss, and therefore the claim could not be raised on appeal); *Allen v. Dollar Tree Stores, Inc.*, 475 Fed. App'x. 159, 159 (9th Cir. 2012) (affirming district court's dismissal of plaintiff's claims in which plaintiff's "opposition to the motion to dismiss failed to respond to [the defendant's] argument"); *Toranto v. Jaffurs*, 297 F. Supp. 3d 1073, 1104 (S.D. Cal. 2018) (granting motion to dismiss on a claim as the plaintiff abandoned the claim because he failed to address the issue in his opposition). Accordingly, the Court finds that Plaintiff has effectively abandoned her claims against the Deed Defendants by failing to address the arguments raised in the Deed Defendants' Motion to Dismiss.

For the foregoing reasons, the Court **GRANTS** the Deed Defendants' Motion to Dismiss. Even addressing Plaintiff's claims against the Deed Defendants on the merits, however, they are subject to dismissal for failure to state a claim.

/ / /

/ / /

/ / /

### A.   *Cancellation of Written Instruments*

Plaintiff's first claim against the Deed Defendants is for "cancellation of deeds." FAC ¶¶ 12–15. Plaintiff alleges that the Deed and Bird Rock Defendants forged the Deed of Trust ("DOT") encumbering the Property, as well as the Substitution of Trustee ("SOT"), which substituted NDSC as trustee under the DOT in the place of First American Lenders Advantage, the original trustee. *Id.* ¶ 14. According to Plaintiff, JP Morgan Chase ("Chase") is the true "owner" of Plaintiff's loan. *Id.* ¶¶ 9a–9z, 12–15. "NDSC has never obtained any legal right or interest from Chase authorizing them with power to send foreclosure notices, advertise the foreclosure of Plaintiff's property, and/or to foreclose on Plaintiff's property because Chase is the owner of Plaintiff's [Property] Loan and only the owner can authorize foreclosure," in Plaintiff's view. *Id.* ¶ 9*l*. The Deed Defendants, on the other hand, argue that Plaintiff has failed to show any evidence of fraud and that the judicially noticed documents refute Plaintiff's claim that the foreclosure was illegal. *See* Deed Mem. at 5–7.

"Under Rule 9(b), a party alleging fraud or mistake is required to plead with particularity the circumstances constituting fraud or mistake." *Ghalehtak v. Fay Servicing, LLC*, 304 F. Supp. 3d 877, 889 (N.D. Cal. 2018), *aff'd*, 765 F. App'x 168 (9th Cir. 2019). "To comply with Rule 9(b), allegations of fraud must be 'specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)). Generally, this requires the party alleging fraud to specify "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392–93 (9th Cir. 1988) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

/ / /

/ / /

Here, Plaintiff has failed to plead fraud with the requisite specificity. After stripping away the FAC's many generalized allegations of fraud, only one plausible claim of fraud remains. Plaintiff asserts that the first and second pages of Plaintiff's loan application "have been intentionally modified by 3rd parties in their own handwriting." FAC ¶ 9c. Plaintiff claims that she "was unaware of any modifications and never approved or gave authority to anyone to modify her loan application after submitted in Plaintiff's own handwriting and executed by Plaintiff." *Id.* Taking these allegations as true, as the Court must when ruling on a motion to dismiss for failure to state a claim, Plaintiff's claims fail to specify who modified the loan documents, when they were modified, and how the first and second pages of the loan application were modified. Consequently, Plaintiff has not met Federal Rule of Civil Procedure 9(b)'s heightened pleading standard. The Court finds that all other claims of fraud in the FAC are not "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud," *Neubronner*, 6 F.3d at 672, or are utterly irrelevant to Plaintiff's causes of action, *see e.g.*, FAC ¶ 9x (claiming SPS "fraudulently" sent her a letter falsely stating that "SPS did not disclose any information or documents related to Plaintiff's account" to Steve Gold, who appears to be Plaintiff's former spouse).

Moreover, Plaintiff has failed to plead facts sufficient to state a claim for cancellation of written instruments. California Civil Code § 3412 allows for cancellation of a written instrument when "there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable." Cal. Civ. Code § 3412. Thus, "[t]o plead a cause of action for cancellation of instrument, plaintiff must show that [s]he will be injured or prejudiced if the instrument is not cancelled, and that such instrument is void or voidable." *Zendejas v. GMAC Wholesale Mortg. Corp.*, No. 1:10-CV-00184, 2010 WL 2629899, at *7 (E.D. Cal. June 29, 2010). "A plaintiff must provide facts, 'not mere conclusions, showing the apparent validity of the instrument designated, and point out the reason for asserting that it is actually invalid.'" *D'Oleire v. Select Portfolio Servicing, Inc.*, No. 316CV02520GPCNLS, 2016 WL 7188289, at *9 (S.D. Cal.

Dec. 12, 2016) (quoting *Ephraim v. Metro. Tr. Co. of Calif.*, 28 Cal. 2d 824, 833 (Cal. Ct. App. 1946)).

Here, Plaintiff has again failed to demonstrate that the instruments to be cancelled are void or voidable. As in the original Complaint, Plaintiff's FAC again claims that Chase is the owner of the loan; therefore, under Plaintiff's theory, USB had no authority to substitute NDSC as successor trustee, and NDSC had no authority to foreclose on the Property. FAC ¶¶ 9a–9z, 12–15. In its previous Order Granting the Deed Defendants' first Motion to Dismiss, the Court detailed why Plaintiff's theory is unconvincing. ECF No. 16 at 10–13. The Court incorporates those findings into this Order and again determines that Plaintiff's claim that Chase had sole authority to foreclose on the Property is incorrect. Under the terms of the DOT, Mortgage Electronic Registration Systems, Inc. ("MERS"), acting as nominee for VirtualBank, was named beneficiary. ECF No. 22-2 at 11. On March 20, 2012, MERS assigned its interest in the DOT to USB, making USB the new beneficiary under the DOT. *Id.* at 64. On February 5, 2019, USB, through its attorney-in-fact SPS, substituted NDSC as the successor trustee under the DOT, thereby replacing First American Lenders Advantage, the original trustee. *Id.* at 67. NDSC, as trustee under the DOT, recorded a Notice of Default against the Property on February 14, 2019. *Id.* at 70. Bird Rock Home Mortgage, LLC purchased the property at a non-judicial foreclosure sale on August 26, 2022. *Id.* at 87–89. Plaintiff has failed to demonstrate that any of these transfers were contrary to California law or the prescriptions of the DOT.

Plaintiff supports her theory by misconstruing several documents. For example, Plaintiff claims the DOT is evidence that as of August 3, 2006, "Chase was the owner and service provider for Plaintiff Michelle Gold's mortgage as Trustee of the Michelle J. Gold Separate Property Trust dated December 23, 2002." FAC ¶ 9b. In fact, the DOT lists VirtualBank as the lender under the DOT; First American Lenders Advantage as the trustee; and MERS as the beneficiary. *See* ECF No. 22-2 at 10–11. Nowhere does the DOT list Chase as the owner of the DOT or the loan. *See* ECF No. 22-2 at 10–23. Plaintiff also cites to a "May 17, 2016 Letter from Chase" attached to the FAC as evidence that

Chase "is still the owner and servicer of the loan." FAC ¶ 9g. Contrary to Plaintiff's description, however, the cited letter notifies Plaintiff that the servicing of her loan would be transferred to SPS from Chase. *See* ECF No. 19-1 at 37–41. The letter does not describe Chase as the owner of the loan. *See id.* Plaintiff claims a Declaration from NDSC's President, Olivia Todd, shows that "NDSC could not find any legal transfer from Chase to USB." FAC ¶ 9q. This is a blatant misrepresentation of Ms. Todd's Declaration, which states that "NDSC is duly substituted as foreclosure trustee under [the DOT]." ECF No. 19-1 at 183–85. Moreover, the fact that there is no evidence of "legal transfer" to USB from Chase is unsurprising because Chase never had an interest in the DOT to transfer. Finally, Plaintiff claims a November 4, 2021 letter from SPS is conclusive proof that Chase owns her loan. FAC ¶ 9w. The letter, however, simply provides instructions on how to make a wire payment to an SPS bank account with Chase. FAC 19-1 at 231. All other so-called evidence for Plaintiff's theory is similarly unconvincing.

As the Court previously explained to Plaintiff, "Chase serviced Plaintiff's loan until June 1, 2016, at which time loan servicing was transferred to SPS. Prior to the transfer of servicing responsibilities, Chase provided Plaintiff with a loan modification on March 21, 2011." ECF No. 16 at 12 (internal citations omitted). The Court went on to note that Plaintiff's original Complaint

> [did] not allege that the loan modification, nor any other action taken by Chase as the loan servicer, superseded or otherwise negated MERS's designation as the nominee beneficiary or its ability to assign its interest to USB. In the absence of such an allegation, the lack of legal transfer between Chase and USB provides no support for Plaintiff's claim.

*Id.* at 12–13 (internal citations omitted). Plaintiff apparently took heed of this conclusion and included the following allegation in the FAC: "Plaintiff's 2011 modification through Chase supersedes the terms of the 2006 loan foreclosed on . . . ." FAC ¶ 15. Simply repeating the Court's words back to it, however, will not satisfy Rule 12(b)(6)'s pleading requirements, especially when judicially noticed documents refute such an allegation.

Finally, Plaintiff has again failed to allege serious injury. As the Court previously noted, courts have declined to find serious injury where the allegedly defective assignment does not alter the borrower's payment obligations under the note and where the borrower does not deny that she has defaulted. *See, e.g.*, *Saterbak v. JPMorgan Chase Bank, N.A.*, 199 Cal. Rptr. 3d 790, 799 (Cal. Ct. App. 2016); *Johnson v. PNC Mortg.*, 80 F. Supp. 3d 980, 989 (N.D. Cal. 2015). If such conditions are present, courts find that the injury stems from the borrower's default, not the allegedly defective assignment. *Saterbak*, 199 Cal. Rptr. at 799. Here, Plaintiff has again failed to allege that the assignment, which she claims to be fraudulent, altered her obligations under the loan agreement. *See generally* FAC. Nor does Plaintiff deny that she defaulted on the loan. *See generally id.* Accordingly, the Court finds that Plaintiff has failed to allege serious injury as required by California Civil Code § 3412.

In sum, the Court finds that Plaintiff's FAC does not meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), nor does it plead facts sufficient to state a claim for cancellation of instruments.

### B.     *Fraudulent Transfer*

Plaintiff's fraudulent transfer claim also rests on the theory that Chase owns Plaintiff's loan and therefore retains sole authority to authorize foreclosure. FAC ¶ 17. According to Plaintiff:

> Defendant SPS had no legal interest, standing, title or right as the service provider of Plaintiff's mortgage loan, thus no legal rights to foreclose, transfer any interest between other Defendants, attempt to collect a debt Plaintiff does not owe defendants, or to transfer any interest in Plaintiff's property or loan to third parties as successor in interests or any other manner as Defendants did on October 27, 2021, in violation of a pending bankruptcy stay.

*Id.* The Deed Defendants argue that Plaintiff "has failed to allege the necessary facts and elements of a claim for fraud relating to the DOT and SOT." Deed Mem. at 7. Moreover, "because the judicially noticeable records establish that the DOT and SOT are valid as a

matter of law, Plaintiff's claim for fraudulent transfer fails, both on its merits and under Rule 12(b)(6)." *Id.*

"Fraudulent transfer claims are also subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b)." *Retamco Operating, Inc. v. Carone*, No. CV 04-2997 CBM (RZX), 2004 WL 7338704, at *5 (C.D. Cal. Dec. 21, 2004). As such, Plaintiff "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Here, the Court has already concluded that Plaintiff has failed to satisfy Federal Rule of Civil Procedure 9(b)'s heightened pleading requirements. *Supra* pp. 8–9. Therefore, Plaintiff's claim for fraudulent transfer fails. Moreover, as discussed above, Plaintiff's claim that Chase had the sole authority to foreclose on the Property lacks evidentiary support. *Supra* pp. 9–12. Finally, while it is irrelevant to Plaintiff's cause of action for fraudulent transfer, Plaintiff's allegation that "Defendants" violated the bankruptcy stay is contradicted by a March 8, 2022, bankruptcy court order granting USB relief from the automatic stay to "enforce its interest to [the Property]." *See* ECF No. 22-2 at 76–77.

### C.   *Violation of RESPA*

Plaintiff's third cause of action is for violation of RESPA. FAC ¶¶ 16–18.[2] According to Plaintiff, "she sent letters to SPS informing it that it made errors in calculating and applying payments and asking for specific information related to [her] account, debt owed, owner of loan, [and] proof of US Bank[']s chain of title." *Id.* ¶ 17. Plaintiff claims that "SPS 'failed to undertake' actions required by § 2605 of RESPA, including investigating Plaintiff's account, making corrections as needed, and providing Plaintiff with a written explanation of its actions." FAC ¶ 18. Defendants argue that RESPA's provisions do not apply to USB and NDSC. Deed Mem. at 8. Moreover, Plaintiff's allegations are insufficient to state a claim for a violation of RESPA, according to Defendants. *Id.* at 8–9.

---

[2] Plaintiff's FAC misnumbers the paragraphs describing her cause of action for violation of RESPA. For this subsection of the Order, pin cites to paragraphs refer to those paragraphs appearing on pages 12–13 of the FAC.

Section 2605 of RESPA "requires the servicer of a federally related mortgage loan to provide a timely written response to inquiries, or 'qualified written requests,' from borrowers regarding the servicing of their loans." *Hueso v. Select Portfolio Servicing, Inc.*, 527 F. Supp. 3d 1210, 1221 (S.D. Cal. 2021) (citing 12 U.S.C. §§ 2605(e)(1)(A), (e)(2)). A qualified written request ("QWR") is defined as

> [a] written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that—(i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B). In *Medrano v. Flagstar Bank, FSB*, the Ninth Circuit clarified that, under § 2605(e), "a borrower's written inquiry requires a response as long as it (1) reasonably identifies the borrower's name and account, (2) either states the borrower's 'reasons for the belief . . . that the account is in error' or 'provides sufficient detail to the servicer regarding other information sought by the borrower,' and (3) seeks 'information relating to the servicing of [the] loan.'" 704 F.3d 661, 666 (9th Cir. 2012). Regarding the third prong, RESPA defines "servicing" as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3).

Here, Plaintiff's third cause of action fails as to Defendants USB and NDSC, as they did not service Plaintiff's loan, nor does Plaintiff so allege. *See* Deed Mem. at 8; FAC. Moreover, Plaintiff's claim also fails as to SPS. First, some of Plaintiff's letters to SPS appear wholly unrelated to loan servicing and therefore do not qualify as QWRs. For example, Plaintiff claims SPS failed to respond to a "written request regarding the fraudulent transfer of her interest to Steve Gold." FAC ¶ 18. This would not fall under RESPA's definition of "loan servicing." *Supra.* Plaintiff also attaches to the FAC a letter

1    sent to SPS on May 3, 2019, regarding an objection to a loan modification. ECF No. 19-1
2    at 179.  As the Court previously explained, however, loan modification falls outside of
3    RESPA's definition of "loan servicing." *See, e.g.*, *Watson v. Bank of Am., N.A.*, No.
4    16CV513-GPC(MDD), 2016 WL 3552061, at *5 (S.D. Cal. June 30, 2016) ("[R]equests
5    relating to loan modification are not related to 'servicing' of the loan."). Therefore, the
6    May 3, 2019, letter does not constitute a QWR, either.

7        Second, Plaintiff does not allege that the letters sent to SPS regarding payment errors
8    and account information went unanswered, nor does she provide any information on when
9    such letters were sent or whether they enabled SPS to identify Plaintiff or her account. *See*
10   FAC ¶¶ 16–18. Even if the Court were to assume such letters qualified as QWRs, Plaintiff
11   has failed to plead damages stemming from unanswered QWRs. *See Allen v. United Fin.*
12   *Mortg. Corp.*, 660 F. Supp. 2d 1089, 1097 (N.D. Cal. 2009) ("Although [§ 2605] does not
13   explicitly set this out as a pleading standard, a number of courts have read the statute as
14   requiring a showing of pecuniary damages in order to state a claim."); *Espinoza v.*
15   *Recontrust Co.*, No. 09-CV-1687-IEG (RBB), 2010 WL 2775753, at *4–5 (S.D. Cal. July
16   13, 2010) (finding no RESPA claim where plaintiff failed to plead damages). Plaintiff
17   requests $599,000 in exemplary or punitive damages, but RESPA does not provide for
18   punitive damages for violations of § 2605. *See* 12 U.S.C. § 2605.

19       Finally, Plaintiff claims she sent letters to SPS requesting an "accounting for
20   charging for insurance and taxes Plaintiff had advised SPS she would be paying directly"
21   and claims that SPS "wrongfully applied his (sic) payments to force-placed insurance and
22   a tax escrow account without authorization." FAC ¶ 17. She states that "SPS confirmed
23   via written response they received the insurance policy and tax documents." *Id.* As to
24   these allegations, the Court can only assume they were included in the FAC in error, as
25   / / /
26   / / /
27   / / /
28   / / /

Plaintiff's FAC provides no facts establishing that Plaintiff made any payments to "force-placed insurance" or tax escrow accounts.[3] *See generally* FAC.

In sum, Plaintiff has failed to plead facts sufficient to state a claim under RESPA because the writings described in the FAC do not constitute QWRs, and, even if the Court were to assume they did qualify as QWRs, Plaintiff has failed to plead damages stemming from unanswered QWRs. Accordingly, Plaintiff's third cause of action fails as to the Deed Defendants.

### D.     Quiet Title

Plaintiff's final cause of action is for quiet title. FAC ¶ 19–24.[4] Plaintiff "is seeking to quiet title against all claims of defendants and all third party successors in interest[]" to the Property. *Id.* ¶ 22. She claims the basis for her title is the DOT. *Id.* ¶ 21. The Deed Defendants contend that "Plaintiff's claim for title is not superior to the interests held by Defendants, and therefore her claim for quiet title fails as a matter of law and should be dismissed." Deed Mem. at 9.

"To bring a claim to quiet title, plaintiffs must show they 'are the rightful owners of the property, i.e., that they have satisfied their obligations under the Deed of Trust.'" *Thompson v. Nationstar Mortg. LLC*, No. 17-CV-02864-DMR, 2017 WL 3232549, at *7 (N.D. Cal. July 31, 2017) (citing *Kelley v. Mortg. Elec. Registration Sys., Inc.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009)). Thus, "to maintain a quiet title claim [in California], a plaintiff 'is required to allege tender of the proceeds of the loan at the pleading stage.'" *Briosos*, 737 F. Supp. 2d at 1032 (quoting *Velasquez v. Chase Home Finance, LLC*, No. C 10-01641 SI, 2010 WL 3211905, at *4 (N.D. Cal. Aug. 14, 2010)); *see also Aguilar v.*

---

[3] These portions of the FAC appear in a font style and size different from the remainder of the FAC and contain varying pronouns for Plaintiff, indicating to the Court that Plaintiff appropriated these claims from some other source without verifying their relevancy to Plaintiff's causes of action or the facts of the case. Regardless of whether these statements were included in the FAC purposefully or accidentally, such claims do not support Plaintiff's allegation that the Deed Defendants violated RESPA.

[4] Pin cites to paragraphs in this subsection of the Order refer to paragraphs appearing on pages 13–14 of the FAC.

*Bocci*, 114 Cal. Rptr. 91, 92 (Cal. Ct. App. 1974) (holding that a plaintiff cannot quiet title "without discharging his debt. The cloud upon his title persists until the debt is paid."). "An offer of tender at some point in the future which is dependent on factors outside of the quiet title claimant's control is not sufficient; claimant must instead allege that he has the 'present ability to tender' the loan payments." *Butts v. IndyMac Bancorp*, No. 10-00097 ODW (FFMX), 2010 WL 11597611, at *4 (C.D. Cal. Mar. 26, 2010) (citing *Del Valle v. Mortg. Bank of Cal.*, No. CV-F-09-1316 OWW/DLB, 2009 WL 3786061, at *9 (E.D. Cal. Nov. 10, 2009); *Curtis v. Option One Mortg. Corp.*, No. 109CV1608 AWI SMS, 2010 WL 599816, at *5–6 (E.D. Cal. Feb. 18, 2010); *Valdez v. Am.'s Wholesale Lender*, No. C 09-02778 JFRS, 2009 WL 5114305, at *8 (N.D. Cal. Dec. 18, 2009); *E. Or. Land Co. v. Moody*, 198 F. 7, 18 (9th Cir. 1912) ("A tender of payment, to be the equivalent of an actual production and tender of the money, must be made by one who has the present ability to make the tender good, and the burden of proof is upon the plaintiff to show that he has such ability.")).

Here, Plaintiff has failed to allege that she satisfied her obligations under the DOT, nor has she alleged that she has the present ability to tender the proceeds of the loan. *See generally* FAC. Moreover, Plaintiff has failed to offer any evidence that the Deed Defendants lacked authority to initiate foreclosure proceedings on the Property. *See supra* pp. 8–12. Consequently, Plaintiff's cause of action for quiet title fails as to the Deed Defendants.

**III. Conclusion**

Due to the procedural deficiencies in Plaintiff's briefing on the Deed Defendants' Motion to Dismiss, the Court **GRANTS** the Deed Defendants' Motion to Dismiss in its entirety. Even considering the merits of the Motion, however, Plaintiff's claims remain subject to dismissal for failure to state a claim. As the Court has afforded Plaintiff a second opportunity to plead facts sufficient to state a claim under Federal Rule of Civil Procedure 12(b)(6), and Plaintiff has again asserted claims completely lacking evidentiary support, the Court finds that further leave to amend would be futile. Accordingly, the Court

**DISMISSES WITH PREJUDICE** Plaintiff's claims against the Deed Defendants. *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) ("[A] district court need not grant leave to amend where the amendment . . . is futile.").

### BIRD ROCK DEFENDANTS' MOTION TO DISMISS

Plaintiff's briefing on the Bird Rock Defendants' Motion to Dismiss suffers from the same procedural deficiencies that the Court discussed in reference to Plaintiff's briefing on the Deed Defendants' Motion to Dismiss. Not only did Plaintiff fail to timely file the Opposition, *see* S.D. Cal. CivLR 7.1(e)(2), or move for leave to file a late Opposition, *see* Fed. R. Civ. P. 6(b); *see also* Docket, but the Opposition fails to address the arguments raised by the Bird Rock Defendants' Motion to Dismiss. The Bird Rock Defendants argue that Plaintiff's FAC should be dismissed (1) for lack of standing, (2) for failure to state a claim, and (3) for failure to join necessary parties. *See generally* Bird Rock Defendants' Memorandum in Support of Motion to Dismiss Verified First Amended Complaint ("Bird Rock Mem.," ECF No. 22-1). Plaintiff's Opposition, on the other hand, ignores these arguments and raises for the first time, and in conclusory fashion, a claim against the Bird Rock Defendants for "fraud on the court." *See generally* Opp'n. As Plaintiff failed to address any of the Bird Rock Defendants' arguments and filed her Opposition beyond the deadline without seeking the Court's leave and making a showing of good cause, the Court concludes that Plaintiff abandoned the claims in the FAC against the Bird Rock Defendants, and that the Bird Rock Defendants' Motion to Dismiss is unopposed. *See* S.D. Cal. CivLR 7.1(f)(3)(c); *Toranto v. Jaffurs*, 297 F. Supp. 3d 1073, 1104 (S.D. Cal. 2018) (granting motion to dismiss on a claim as the plaintiff abandoned the claim because he failed to address the issue in his opposition). Consequently, the Court **GRANTS** the Bird Rock Defendants' Motion to Dismiss in its entirety.

Nevertheless, the Court briefly addresses why Plaintiff's FAC must be dismissed as to the Bird Rock Defendants on the merits as well.

/ / /

/ / /

Plaintiff's FAC mentions the Bird Rock Defendants twice. Plaintiff claims that "USB, SPS and NDSC sold Randy Ln to Bird Rock Home Mortgage, LLC for $716k on October 11, 2022. . . . Bird Rock chose to bid a penny and the property was sold." FAC ¶ 9z. Plaintiff also states that Bird Rock Home Mortgage, LLC has initiated eviction proceedings against her. *Id.* ¶ 9aa. The Bird Rock Defendants are otherwise absent from the FAC. *See generally id.* These facts are insufficient to state a claim for cancellation of instruments, fraudulent transfer, RESPA violations, or quiet title.

Plaintiff's cause of action for cancellation of written instruments as to the Bird Rock Defendants fails because the Bird Rock Defendants played no role in the creation or transfer of the instruments Plaintiff seeks to invalidate, *see* Bird Rock Mem. at 7–9, and, as discussed above, Plaintiff has not demonstrated that the instruments to be cancelled are void or that she will suffer serious injury if the instruments are not cancelled, *supra* pp. 8–12. Plaintiff's cause of action for fraudulent transfer fails because, as discussed above, she has not met the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *Supra* pp. 12–13. Her cause of action for violation of RESPA fails because none of the Bird Rock Defendants serviced her loan. *See* Bird Rock Mem. at 7–9. Finally, Plaintiff's claim for quiet title fails because she has not alleged that she satisfied her obligations under the DOT, or that she has the present ability to tender the proceeds of the loan. *Supra* pp. 16–17. Moreover, the Bird Rock Defendants note that Plaintiff appears to have transferred her interest in the Property to her daughter, Ellena F. Gonzalez, on April 2, 2019, and the chain of title does not evidence any subsequent transfers back to Plaintiff. *See* Bird Rock Mem. at 12–13; ECF No. 22-2 at 97. "[A]bsent an interest in the property, a party has no standing to ask the court to quiet title in the property or to obtain damages for the cloud on title." *Chao Fu, Inc. v. Chen*, 141 Cal. Rptr. 3d 381, 389 (Cal. Ct. App. 2012). Consequently, Plaintiff appears to lack standing to challenge title to the Property.

Finally, the Court disregards Plaintiff's claim that the Bird Rock Defendants perpetrated "fraud on the court," as "[a] party is not free to raise new claims for relief for the first time in its opposition to a motion to dismiss." *Vernon Aviation, LLC v. Lone Sky*

*Aero Advisors*, LLC, No. 5:21-CV-02087-SPG-KK, 2022 WL 17371080, at *4 n.4 (C.D. Cal. Sept. 9, 2022). "A court's review on a 12(b)(6) motion to dismiss for failure to state a claim is limited to the four corners of the complaint and documents that are made a part of the pleading." *Id.*

In conclusion, the Court **GRANTS** the Bird Rock Defendants' Motion to Dismiss due to the procedural deficiencies in Plaintiff's briefing on the Motion. Even on the merits, however, the Motion must be granted because Plaintiff's FAC fails to state a claim against the Bird Rock Defendants. The Court declines to address any other arguments for dismissal from the Bird Rock Defendants. Plaintiff's claims against the Bird Rock Defendants are clearly frivolous and granting further leave to amend would be futile. Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's claims against the Bird Rock Defendants. *See AmerisourceBergen Corp.*, 465 F.3d at 951.

## CONCLUSION

In light of the foregoing, the Court **DENIES** the Deed Defendants' Request for Judicial Notice (ECF No. 21-1), **GRANTS** the Bird Rock Defendants' Request for Judicial Notice (ECF No. 22-2), **GRANTS** the Deed Defendants' Motion to Dismiss (ECF No. 21), **GRANTS** the Bird Rock Defendants' Motion to Dismiss (ECF No. 22), and **DISMISSES WITH PREJUDICE** Plaintiff's FAC (ECF No. 19). As this Order concludes the litigation in this matter, the Clerk of the Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: March 7, 2023

Hon. Janis L. Sammartino
United States District Judge